**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                                          |     |                                   |
|------------------------------------------|-----|-----------------------------------|
| **LAWRENCE P. FISHER, II**               | :   |                                   |
|                                          | :   |                                   |
| **Plaintiff**                            | :   |                                   |
|                                          | :   |                                   |
| **v.**                                   | :   |                                   |
|                                          | :   |                                   |
| **GREAT SOCIALIST PEOPLE'S**             | :   | **CIVIL CASE NO. 05-2454 (HHK)**  |
| **LIBYAN ARAB JAMAHIRIYA, et al.**       | :   |                                   |
| **Defendant.**                           | :   |                                   |

_____

**MOTION  TO SET ASIDE AND VACATE ENTRY OF DEFAULT  AND
PERMIT AL-MEGRAHI TO FILE A RESPONSIVE PLEADING AND/ OR AN
<u>ANSWER TO THE COMPLAINT OF LAWRENCE FISHER, PLAINTIFF</u>**

Al-Megrahi, by and through his attorney, Mattioni Ltd., moves the Court for an Order to Set Aside and Vacate the Entry of Default and sets forth the following reasons:

1. On Monday, February 12, 2007, counsel for Al-Megrahi received Notice of Default entered by Plaintiff, Lawrence Fisher against Al-Megrahi on the basis that an answer had not been filed to the Complaint of Lawrence Fisher.

2. Counsel for Al-Megrahi had been made aware of the fact that two Complaints were filed. They were the Curtis Fisher and the Lawrence Fisher cases filed in the year 2006.

3. It was apparent to counsel for the Defendant that service was made in the Curtis Fisher case only.  An Answer was prepared and filed with the approval of the client.

4. Counsel for Defendant  was under the belief that the Lawrence Fisher Complaint had <u>not</u> been served on Al-Megrahi. Proof of service had been requested; however, it has been

discovered only now, after the entry of default, that a claim that service was perfected has been made. The service may well be defective since there is no signature of Al-Megrahi nor of the prison warden. Further, there is no clear reference to the Lawrence Fisher case.

5.    In addition, on February 2, 2007, counsel for Defendant, Al-Megrahi also asked counsel for Libya to check with the Court filings to determine if Service had been made on Lawrence Fisher. Had counsel believed service was properly effected here, counsel would have sought authorization to appear and file a responsive pleading, just as had been done in the Curtis Fisher case.

6.    Counsel for Libya indicated on that date, no Proof of Service was found in the Fisher file. Counsel for the defendant thus believes that service has never been perfected in the Lawrence Fisher case. There was no reason for us to appear in the Curtis Fisher case and not in the Lawrence Fisher case.

7.    A review of the Fisher Complaints, Curtis Fisher and Lawrence Fisher, discloses that the allegations were the same in both Complaints and further that Mattioni, Ltd., represented Al-Megrahi in the Curtis Fisher case.

8.    According to the docket entries Lawrence Fisher filed a Complaint against Al Megrahi on December 21, 2005. ( Exhibit A ).

9.    On January 10, 2006, Lawrence P. Fisher filed a notice that his case was related to the Curtis W. Fisher case and commented that both cases involved the same defendant, Al-Megrahi, the same facts, similar questions/issues, and arose from the same events.   See a copy of the Notice of Related Case, which is attached hereto. ( Exhibit B )

10.    A Return of Service Affidavit was made on May 13, 2006, and recorded on the docket

entry on May 23, 2006.  On October 2, 2006, it was reported to counsel that as of that date, the Service had not been perfected.  The copy of the letter is attached hereto. (Exhibit C ).

11.     From October 27, 2006, to November 2, 2006, the docket entries are not clear as to whether service was perfected.  Further docket entries as of February 27, 2007 do not reflect that service had been made.  In any event, the docket entries were not clear. Al Megrahi through counsel, filed a Motion to Dismiss the Complaint of Curtis Fisher. Al-Megrahi granted additional time allowing counsel for Curtis Fisher to answer the Motion that was subsequently agreed to by the Court.  Counsel for Defendant, Al-Megrahi has no explanation for why he was not given notice of the claim that Lawrence Fisher's Complaint had been served on May 13, 2006, except that either the defendant, Al-Megrahi was in prison at the time and without counsel, may not have understood the nature of the proceedings, and may not have been aware that two separate Complaints (with similar named plaintiffs ) were involved and passed one along rather than both.[1]

12.     In addition, the docket entries are confusing with notices of correction and error and it is unclear as to which party they relate. Apparently, both Complaints were filed at the same time and both complaints involve similar issues. It makes no sense for Al Megrahi's attorney to file a Motion on behalf of Al-Megrahi in the Curtis Fisher case and not to file the same Motion for Lawrence Fisher in his case.

13.     In September 2006, Co-Counsel, Francis X. Kelly, Esquire, left the Mattioni Law firm.

---

[1]Defendant, Al-Megrahi is not represented by counsel and may obtain counsel's help only as each charge occurs.  Defendant Al-Megrahi may request the help of counsel only after the fact.

He has taken a position at the Regional Port Authority of Philadelphia.

14.    Attorney Dante Mattioni, on November 26, 2006, sustained a serious injury to his left side.  He bruised his lungs and fractured four ribs.  He was hospitalized until December 5, 2006 and continues to treat as a result of ongoing pain.

15.    The docket entries state that the clerk's entry of default was taken on 02/08/2007 and that the Motion for Default Judgment was filed on 02/07/2007. Rule 55 (a) is clear that the Entry of Default must initially be taken and then a motion to the court pursuant to Rule 55 (b) must be filed for Default Judgment. The procedure appears to be reversed and flawed.

16.    Additionally, it is clear that Mattioni Ltd., by Dante Mattioni Esquire and Francis Kelly Esquire, had appeared in the related case on behalf of Al-Megrahi, and thus were entitled to be given notice of the entry of default and the Motion for Entry of Default Judgment. In fact, it would have been appropriate for the plaintiff's attorney to advise of his intention to take a default, thus giving defense counsel the opportunity to respond to the complaint. Obviously, with a case of this complexity, which involves a defendant who is in prison in a foreign country, the possibility of an error in communication is very real.

17.    The complexity of this case is no less than that of the related case. Furthermore, it should be obvious that communication with authorities in a foreign state, in a foreign language, and with the imprisoned defendant, are less than adequate under normal circumstances. Upon the purported entry of default and Proof of Service, Cabinet Sefrioui, who is in direct contact with  Al-Megrahi and to whom he dutifully forwarded the Curtis Fisher Complaint but not the Lawrence Fisher Complaint, has given the undersigned permission to file a Response in the Lawrence Fisher case, which has meritorious defenses.

18.    As set forth in the attached Motion to Dismiss, there are meritorious defenses to the plaintiff's claims. Additionally, the default should not go beyond those damages potentially recognized in the summary judgment granted in the related case of Curtis Fisher. ( Exhibit D )

19.    Al-Megrahi asks this court to remove the default pursuant to the liberal standard that prevails pursuant to 28 U.S.C. § 1608 which provides that under the Foreign Sovereign Immunities Act (FSIA),  no judgment may be entered by a District Court unless the plaintiff establishes his/her right to relief by evidence satisfactory to the court. Under this requirement this district has been liberal in vacating procedural defaults. As Judge Bates observed in <u>Owens v. Republic of Sudan</u>, 374 F. Supp. 2d 1, 8-9 (D.D.C. 2005), the D.C. Circuit has stressed that an entry of default should not be applied inflexibly to deny a willing foreign state the opportunity to offer a full defense to an FSIA action. <u>See also,</u> <u>V.Z. Lawton et al. v. The Republic of Iraq,</u> 2006 U.S. Dist. Lexis 94335 (D.D.C. 2006); <u>Biton, et al., v. The Palestinian Interim Self Government,</u> 233 F. Supp. 2d 31 (D.D.C. 2002); <u>Peak v. District of Columbia,</u> 2006 U.S. Dist. LEXIS 30001 (D.C.C. 2006).

20.    The default in this case is not willful. In all probability, this case would have tracked the procedural history of the Curtis Fisher case. The cases would have probably been separate, but consolidated for purposes of case management and discovery. Since the default, the same counsel has been appointed in both cases to defend Al-Megrahi. The defendant has not been totally unresponsive but, to the contrary, has challenged appropriately all aspects of the Curtis case and presumably would have likewise challenged all aspects of the Lawrence case. The adversarial process has not been stymied

or halted. The Curtis case is ongoing. The issues, lawyers, and family are the same.

21.    Finally, there are meritorious defenses. The likelihood of success is not the measure. The

defense allegations are meritorious in the context of a motion to set aside a default if they

contain even a hint of a suggestion which, proven at trial, would constitute a complete

defense.

    **WHEREFORE,** it is respectfully requested that the Court enter an order setting aside and

vacating the Entry of Default.


Respectfully Submitted,
Mattioni, Ltd.


Date:  February 27, 2007        BY:_____/s/_____
        Dante Mattioni, Esquire