IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAWRENCE P. FISHER, II | : | |
| Plaintiff | : | |
| v. | : | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, et al. | : | CIVIL CASE NO. 05-2454 (HHK) |
| Defendant. | : | |

## MEMORANDUM OF LAW TO SET ASIDE AND VACATE ENTRY OF DEFAULT

  The underlying facts have been set forth in the defendant's motion to set aside and vacate the entry of default that was taken in this case. The instant case is related to the Curtis Fisher case and was filed as a related case. Counsel for Al-Megrahi has always believed and had been informed that service had not been perfected in the case of Lawrence Fisher. Pursuant to the protocol under which counsel has been assigned, an entry of appearance can only be entered if specifically authorized by the Government of Libya. Such authorization was extended after knowledge of the default was given in this case. The entry of default came at a propitious time for the Mattioni firm. Francis Kelly, Esquire of the Mattioni law firm left the firm for a position at the Regional Port Authority of Philadelphia, and Dante Mattioni, Esquire suffered a disabling injury on November 26, 2006.

 The court has held that "strong policies favor the resolution of genuine disputes on their merits, " and that "under Federal Rule of Civil Procedure 55 (c) a court has the discretion to set aside entry of default for 'good cause shown,'. " The District of Columbia Circuit has instructed

that the District Court, in its evaluation of whether or not a party which moves to set aside a default has demonstrated good cause, shall consider the following three factors: ( 1 ) whether the default was willful; ( 2 ) whether a decision to set aside the default would prejudice the plaintiffs; and ( 3 ) whether the defendant has presented a meritorious defense. V.Z. Lawton, et al., v. The Republic of Iraq, 2006 U.S. Dist. Lexis 94335 (2006).

    It is clear that the default was not wilful and occurred due to the belief that valid service of process had not been made against the defendant. There was no reason to appear in the Curtis Fisher case and deliberately not appear in the Lawrence Fisher case. There is no legal prejudice in the opening of the default. It is believed that the defenses that have been raised in the Curtis Fisher case would have been the same and/or similar to those as set forth in the Lawrence Fisher case. The Curtis case is ongoing. The issues, lawyers, and family, are all the same.  Finally, there are meritorious defenses as set forth in the attached Motion to Dismiss. The allegations are meritorious in the context of a Motion to Set Aside a Default since they contain averments which, if proven at trial, would constitute a complete defense to the claims. The adversarial process has not been stymied and the defendant has not been totally unresponsive, but to the contrary, has challenged appropriately all aspects of the Curtis case and presumably would likewise have challenged appropriately all aspects of the Lawrence case.  See Lawton, supra; see also Biton, et al v. The Palestinian Self Government Authority, 233 F. Supp. 2d 31 ( D.D.C. 2002 ); Peak v. District of Columbia, 2006 U.S. Dist. LEXIS 30001 (D.D.C. 2006).

    As this Court knows, Defendant Al-Megrahi is incarcerated in Scotland.  The matter is internationally charged.  Previously, when the undersigned firm was told by the present Plaintiff's attorney that, in addition to the Curtis Fisher complaint, there was a separate

Lawrence Fisher Complaint, a request had been made of Mr. Tendler for Proof of Service on Mr. Al-Megrahi of the Lawrence Fisher Complaint so that it could be forwarded to Cabinet Sefrioui in Paris for permission to enter an appearance and file a response.

Only now, after and through the entry of default, has a Proof of Service been provided. Indeed, the Proof of Service may well be defective since there is no signature of Al- Megrahi nor of the warden. Further, there is no clear reference to the Lawrence Fisher case. Upon the Entry of Default and Proof of Service, Cabinet Sefrioui, who is in direct contact with Al-Megrahi and to whom he dutifully forwarded the Curtis Fisher Complaint, but not the Lawrence Fisher Complaint, has given the undersigned permission to file a Response, which states meritorious defenses.

Al-Megrahi requests that this Honorable Court remove the entry of default as set forth above and pursuant to the liberal standard that prevails pursuant to 28 U.S.C.§1608 of the Foreign Sovereign Immunities Act as set forth in detail below. This district has been liberal in vacating procedural defaults. As Judge Bates observed in Owens v. Republic of Sudan, 374 F. Supp. 2d 1(D.D.C. 2005), "the D.C. Circuit has stressed that an entry of default, should not be applied inflexibly to deny a willing foreign state the opportunity to offer a full defense to an FSIA action." Judge Bates explained that:

> Foreign sovereigns unfamiliar with the United States judicial system may fail to comprehend accurately what the FSIA means and how it operates. Intolerant adherence to default judgments against foreign states could adversely affect this nation's relations with other nations and undermine the State Department's continuing efforts to encourage ...foreign sovereigns generally to resolve disputes within the United Sates' legal framework....When a defendant foreign state has appeared and asserts legal defenses, albeit after a default judgment has been entered, it is important that those defenses be considered carefully and, if possible, that the dispute be resolved on the basis of all relevant legal arguments.

Ownes v. Republic of Sudan, 374 F. Supp. 2d 1, 8-9 (D.D.C. 2005) citing Practical Concepts, Inc., v. Republic of Bolivia, 811 F.2d 1543, 1552 and n. 19 (D.C.Cir. 1987).

Section 1608 (e) of the FSIA provides that a Court cannot enter judgment by default against a foreign state "unless the claimant establishes his claim or right to relief by evidence satisfactory to the Court." 28 U.S.C. Section 1608 (e). This provision requires the Court to satisfy itself that there exists an adequate legal and factual basis for plaintiffs' claims. See e.g., Roader v. Islamic Republic of Iran, 357 U.S. App. D.C. 107, 333 F3d 228, 232, (D.C. Cir. 2003); Reigier v. Islamic Republic of Iran, 281, F. Supp. 2d 87, 88-89 (D.D.C. 2003). See also Int'l. Road Fed'n. v. Embassy of the Dem. Republic of the Congo, 131 F. Supp.2d 248, 250 (D.D.C. 2001). Congress intended Section 1608(e) to provide foreign states protection from unfounded default judgments rendered solely upon a procedural default.

The strong presumption against the entry of default judgment against a foreign state that has appeared in the case and expressed a desire to contest the claims, along with the uniquely sensitive nature of a suit in which a foreign state wishes to challenge the allegations should equally apply to Al-Megrahi to the extent Plaintiffs allege he acted as an official agent of Libya.

Two inferences readily come to mind that are entirely plausible here:

1) either Al-Megrahi did not receive the Lawrence Fisher Complaint which he presumably would have forwarded to Cabinet Sefrioui; or

2) if both were served, at the same time, then Al Megrahi thought one was a duplicate.

Certainly sufficient mitigating circumstances exist to vacate and set aside the default because of confusion and possibly insufficient service of process. In addition, the failure to

respond was not wilful, the adversarial process has not been delayed since much of what occurred in Curtis would likely have followed in the related Lawrence case, and there are meritorious defenses in the context of a motion to set aside and vacate an entry of default to the complaint. Finally, the strong public policy favors the resolution of genuine disputes on the merits. In particular, in cases with foreign states and parties being involved.

**CONCLUSION**

For all these reasons, the court should vacate and set aside the entry of default in the instant case.

Respectfully Submitted,
MATTIONI, LTD.

Date:  February 27, 2007            BY:    _____/s/_____
                                           Dante Mattioni, Esquire