## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CURTIS W. FISHER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No. 1:04-cv-02055 (HHK)** |
| **vs.** | ) | |
| | ) | |
| **GREAT SOCIALIST PEOPLE'S** | ) | |
| **LIBYAN ARAB JAMAHIRIYA,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **LAWRENCE P.FISHER II** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action 05-2454 (HHK)** |
| **v.** | ) | |
| | ) | |
| **GREAT SOCIALIST PEOPLE'S** | ) | |
| **LIBYAN JAMAHIRIYA, et al.,** | ) | |
| **Defendants.** | ) | |
| | ) | |

### PLAINTIFFS' MOTION FOR PERMISSION TO FILE THEIR MEMORANDUM IN OPPOSITION TO THE DEFENDANTS' MOTIONS TO DISMISS ONE DAY LATE DUE TO THE UNAVAILABILITY OF THE ELECTRONIC FILING SYTEM AND TO TREAT THAT FILING AS PROPER, NUNC PRO TUNC

Plaintiffs Curtis W. Fisher, Lawrence P. Fisher II, Mary Fisher Hickey and

Margaret Fisher Jones (the "Fishers"), by and through their counsel, respectfully submit

this motion pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, requesting

that this Court grant them (a) leave to file their response to the Defendants'[1] motions to

---

[1] By order dated February 16, 2007, Civil Action No. 1:04-cv-02055 (HHK) was consolidated for pretrial purposes with Civil Action 05-2454 (HHK), and all papers ordered to be filed in 04-cv-02055. The motions to which the Fishers' were responding were the motions to dismiss filed by Defendants Great Socialist People's Libyan Arab Jamahiriya and the Libyan External Security Organization (together hereafter referred to as "Libya"), and Abdel Basset Ali Al-Megrahi's ("Al-Megrahi"). Libya and Al-Megrahi will be referred to collectively herein as "Defendants."

dismiss one day late due to the unavailability of the Court's electronic filing system and (b) to treat the papers, filed electronically on March 1, 2007, as timely filed.

Overview

1.      This Court's orders set a briefing schedule for Libya's motion to dismiss and for the Fishers' supplemental response to Al-Megrahi's motion to dismiss. Pursuant to these orders, the Fishers' were to file their papers in response to the Defendants' motions on February 28, 2007.

2.      On February 28, 2007, the Fishers completed their consolidated papers in opposition to the Defendants' motions to dismiss and attempted to file those papers with the Court using the Court's electronic filing system. However, the Court's electronic filing system was unavailable – as was its website – and the Fishers were unable to complete the filing on February 28, 2007.

3.      The circumstances here warrant the requested relief. The unavailability of the Court's electronic filing system represents good cause for the relief requested, because the inability to file in a timely fashion was not caused by the Fishers' inadvertence of counsel, but rather because of the unavailability of the Court's electronic filing system. When a court is inaccessible or electronic filing is not available, relief pursuant to Rule 6(b)(2) and the Court's inherent power is appropriate. It is especially appropriate here where the Fishers have: (a) called Defendants' counsel and left messages explaining the situation, (b) served Defendants' counsel with the papers via facsimile and email, (c) are providing notice to the clerk regarding the problem with the electronic filing, and (d) have immediately made a motion for leave to file their papers "late."

Facts

1.    Pursuant to this Court's orders, the Fishers were to file their papers in response to the Defendants' motions to dismiss on Wednesday, February 28, 2007. (Declaration of Mark J. Schirmer, dated February 28, 2007 ("Schirmer Decl."), ¶ 2.)

2.    To ensure that the papers would be filed by the Court's deadline, on February 26, 2007, the Fishers' counsel[2] called the office of the Clerk of this Court to ask how late in a day a party could file papers using the Court's electronic filing system (the "ECF system"). At that time, the Fishers' counsel was informed that filings could be made until midnight and still be considered filed on the day the papers were due. (Schirmer Decl., ¶ 3.)

4.    The Fishers' counsel continued its work on the papers opposing Defendants motions, working diligently to ensure the papers would be completed and filed on time. (Schirmer Decl., ¶ 4.) After completing the papers and preparing them for filing, at approximately 7:00 p.m. eastern standard time on February 28, 2007, the Fishers' counsel attempted to log on to the Court's website and its ECF system. The website and the system did not appear and would not "load" so filing could be accomplished. Instead, what appeared was an error message, stating that "[t]he page cannot be displayed. The page you are looking for is currently unavailable." (Schirmer Decl., ¶ 4, Exh. A.) The Fishers' counsel again attempted to log on to the website and again received the message that the page (website) was not available.

5.    When the error message reappeared, counsel immediately called the Court's Office of Information Technology (the "OIT") at 202-354-3210. When the

---

[2] A number of attorneys, clerks and staff from the firms serving as Fisher's counsel were involved in these efforts. For sake of brevity and clarity here and in the accompanying papers, the activities of these persons are referred to as activities of "Fishers' counsel."

Fishers' counsel reached the OIT, a recorded message played, stating that the website and the ECF system would be down from 6:45 p.m. (eastern time) on February 28, 2007, until 7 a.m. the following morning. The recording stated that the message would be updated as necessary. (Schirmer Decl., ¶ 5.)

6.    After calling the OIT, the Fishers' counsel called the offices of counsel for both Defendants. Both offices were closed, but the Fishers' counsel left messages explaining the situation and requesting that they call the Fishers' counsel as soon as possible to discuss whether they would oppose this motion. Because Defendants herein are a foreign government and a Libyan national incarcerated in Scotland, it may be some time before Defendants can definitively provide an answer to whether they will oppose this motion; when they provide that answer, the Fishers will inform the Court of their position. However, given the need to immediately file the papers and to request permission to do so, the Fishers are presenting this motion and their papers in opposition to Defendants' motions to the Court at the earliest possible date. (Schirmer Decl., ¶ 6.)

7.    To ensure that the Defendants would suffer no prejudice from receiving the Fishers' papers later than they would have if the ECF system had been available, the Fishers' counsel served copies of the Fishers' papers opposing Defendants' motions to dismiss via facsimile and via email last night, February 28, 2007. (Schirmer Decl., ¶ 7, Exhs. B, D.)[3]  Further, to minimize any prejudice or inconvenience to the Court, the Fishers' counsel immediately began work on this motion for filing as soon as practical on March 1, 2007 (today). (Schirmer Decl., ¶ 9.)

_____

[3] Both Defendants were served via facsimile and counsel for both were sent emails attaching the Fishers' papers. However, the email to Al-Megrahi's counsel was "bounced" back to the Fishers' counsel. In addition, the Fishers' counsel is providing a notice to the clerk regarding the problems with completing the filing through the ECF system. (Schirmer Decl., ¶ 8, Exh. C.)

## Legal Argument

8.      Rule 6(b) provides a mechanism for parties to seek additional time to meet

deadlines imposed by court orders or pursuant to local rules.  Rule 6(b) of the Federal

Rules of Civil Procedure provides, in relevant part:

> Enlargement.  When by these rules or by a notice given thereunder or by order of
> court an act is required or allowed to be done at or within a specified time, the
> court for cause shown may at any time in its discretion (1) with or without motion
> or notice order the period enlarged if request therefor is made before the
> expiration of the period originally prescribed or as extended by a previous order,
> or (2) upon motion made after the expiration of the specified period permit the act
> to be done where the failure to act was the result of excusable neglect....

Fed. R. Civ. Pro. 6(b).

9.      In this case, the Fishers seek relief pursuant to Rule 6(b)(2) to allow the

filing of their brief less than one day late due to the unavailability of the Court's ECF

system and to deem that filing as timely.[4]

10.     In determining whether relief under Rule 6(b)(2) is warranted, the Court

examines:  (a) whether granting the requested relief would prejudice the other parties; (b)

the length of the delay; (c) the potential impact of the late filing on judicial proceedings;

(d) the reason for the delay, including whether it was within the reasonable control of the

movant; and (e) whether the movant acted with diligence and in good faith.  *Yesudian v.*

*Howard University*, 270 F.3d 969, 971 (D.C. Cir. 2001).

11.     The determination as to whether to grant relief under Rule 6(b)(2) is left to

the discretion of the Court, but the where there is no prejudice and the delay is brief,

relief should generally be granted.  *See id.*

---

[4] The unavailability of the Court's ECF system meant that the Fishers were prevented from filing a motion
pursuant to Rule 6(b)(1).

12.    The circumstances of this case present a textbook case for granting relief under Fed. R. Civ. Pro. 6(b)(2). Because the Fishers have provided copies of their papers to both Defendants, even though they could not use the ECF system for service, Libya's time to review the Fisher's papers and complete its reply is not compromised. Since Al-Megrahi also received the responsive papers on the day set by the Court's briefing order, he loses no time or opportunity to seek any relief he wishes. Similarly, because the Fishers are filing this motion and the papers they could not file less than a day "late," the delay is extraordinarily brief. Further, given the timing of this motion and the stage of this litigation, granting the relief requested would not affect the proceedings in this Court.

13.    In addition, the reason that the Fishers could not file their papers in opposition to the Defendants' motion was not within their control and did not reflect a lack of diligence. The reason the papers were not filed on February 28, 2007 was that the Court's ECF system was unavailable for several hours on February 28, 2007. Where, as here, counsel has been diligent in preparing its papers and an electronic filing does not go through because of an error in the electronic filing system, relief under Rule 6(b)(2) is appropriate. *Uddin v. Universal Avionics Systems Corporation*, 2006 U.S. Dist. LEXIS 37080 *3-4 (N.D. Ga., June 1, 2006) (M.J.), *approved*, 2006 U.S. Dist. LEXIS 47238 (N.D. Ga., June 30, 2006). Indeed, because electronic filing is required by the Local Rules in this District, *See* Local Civil Rule 5.4(a), and the ECF system was down during time it would normally be available, the Court was "inaccessible" for filing and relief is warranted. *See Telephone and Data Systems, Inc. v. Amcell F Atlantic City, Inc.*, 20 F.3d 501, 501-02 (D.C. Cir. 2001) (when court was closed due to inclement weather, the court was inaccessible for filing and allowing a late filing was appropriate). Under these

circumstances then, granting the relief the Fishers request would be appropriate under

Rule 6(b)(2).

Wherefore, the Fishers respectfully request that this Court issue the Proposed

Order granting them (a) leave to file their response to the Defendants' motions to dismiss

one day late due to the unavailability of the Court's electronic filing system and (b) to

treat the papers, filed electronically on March 1, 2007, as timely filed.

Dated: March 1, 2007
Washington, D.C.

Respectfully submitted,

___/s/ Paul M. Tendler_____
Paul M. Tendler
The Law Offices of Paul M. Tendler
1250 Connecticut Avenue, NW, Suite 200
Washington, D.C.  20036
Telephone:  202 682-9000
Facsimile:  202 403-3640