UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS W. FISHER, et al.,                )<br>                                                        )<br>                          Plaintiffs,         )<br>                                                        )<br>              vs.                                    )<br>                                                        )<br>GREAT SOCIALIST PEOPLE'S )<br>LIBYAN ARAB JAMAHIRIYA, )<br>et al.,                                             )<br>                                                        )<br>                          Defendants.      )<br>_____) | Civil Action No. 1:04-cv-02055 (HHK) |
| LAWRENCE P. FISHER II             )<br>                                                        )<br>Plaintiff,                                          )<br>                                                        )<br>v.                                                     )<br>                                                        )<br>GREAT SOCIALIST PEOPLE'S )<br>LIBYAN JAMAHIRIYA, et al.,     )<br>Defendants.                                  )<br>_____) | Civil Action 05-2454 (HHK) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR PERMISSION TO FILE THEIR MEMORANDUM IN OPPOSITION TO
THE DEFENDANTS' MOTIONS TO DISMISS ONE DAY LATE DUE TO THE
UNAVAILABILITY OF THE ELECTRONIC FILING SYTEM**

Plaintiffs Curtis W. Fisher, Lawrence P. Fisher, Mary Fisher Hickey and Margaret Fisher Jones (the "Fishers"), by and through their counsel, respectfully submit this memorandum in support of their motion pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure and pursuant to Rule 5.4(g)(3) of this Court, requesting that this Court grant them (a) leave to file their response to the Defendants'[1] motions to dismiss one day

---

[1] By order dated February 16, 2007, Civil Action No. 1:04-cv-02055 (HHK) was consolidated for pretrial purposes with Civil Action 05-2454 (HHK), and all papers ordered to be filed in 04-cv-02055. The motions to which the Fishers' were responding were the motions to dismiss filed by Defendants Great Socialist People's Libyan Arab Jamahiriya and the Libyan External Security Organization (together hereafter referred to as "Libya"), and Abdel Basset Ali Al-Megrahi's ("Al-Megrahi"). Libya and Al-Megrahi will be referred to collectively herein as "Defendants."

late due to the unavailability of the Court's electronic filing system and (b) to treat the papers, filed electronically on March 1, 2007, as timely filed.

## Introduction

This Court's orders set a briefing schedule for Libya's motion to dismiss and for the Fishers' supplemental response to Al-Megrahi's motion to dismiss. Pursuant to these orders, the Fishers' were to file their papers in response to the motions on February 28, 2007. On February 28, 2007, the Fishers completed their consolidated papers in opposition to the Defendants' motions to dismiss and attempted to file those papers pursuant to the Court's rules concerning electronic filing. However, the Court's electronic filing system was unavailable – as was its website – and the Fishers were unable to complete the filing on February 28, 2007 as required by this Court's orders. The Fishers, who will file the papers March 1, 2007 as the Court's electronic filing system become available, submit this motion seeking leave to permit this filing and to treat it as timely filed pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure.

The circumstances here warrant the requested relief. The unavailability of the Court's electronic filing system represents good cause for the relief requested, because the inability to file in a timely fashion was not caused by the Fishers' inadvertence of counsel, but rather because of the unavailability of the Court's electronic filing system. When a court is inaccessible or electronic filing is not available, relief pursuant to Rule 6(b)(2) and the Court's inherent power is appropriate. It is especially appropriate here where the Fishers have: (a) called Defendants' counsel and left messages explaining the situation, (b) served Defendants' counsel with the papers via facsimile and email, (c) are

providing notice to the clerk regarding the problem with the electronic filing, and (d) have immediately made a motion for leave to file their papers "late."

### Facts Relevant to This Motion

Pursuant to this Court's orders, the Fishers were to file their papers in response to the Defendants' motions to dismiss to on Wednesday, February 28, 2007. (Declaration of Mark J. Schirmer, dated February 28, 2007 ("Schirmer Decl."), ¶ 2.) To ensure that the papers would be filed by the Court's deadline, on February 26, 2007, the Fishers' counsel[2] called the office of the Clerk of this Court to ask how late in a day a party could file papers on the Court's electronic filing system (the "ECF system"). At that time, the Fishers' counsel was informed that filings could be made until midnight and still be considered filed on the day the papers were due. (Schirmer Decl., ¶ 3.)

The Fishers' counsel continued its work on the papers opposing Defendants' motions, working diligently to ensure the papers would be completed and filed on time. (Schirmer Decl., ¶ 4.) After completing the papers and preparing them for filing, at approximately 7:00 p.m. eastern standard time on February 28, 2007, the Fishers' counsel attempted to log on to the Court's website and its ECF system. The website and the system did not appear and would not "load" so the Fishers could not file their papers. Instead, what appeared on the computer screen was an error message, stating that "[t]he page cannot be displayed. The page you are looking for is currently unavailable." (Schirmer Decl., ¶ 4, Exh. A.) The Fishers' counsel again attempted to log on to the website and again received the message that the page (website) was not available. When the error message reappeared, counsel immediately called the Court's Office of

---

[2] A number of attorneys, clerks and staff from the firms serving as Fisher's counsel were involved in these efforts. For sake of brevity and clarity here and in the accompanying papers, the activities of these persons are referred to as activities of "Fishers' counsel."

3

Information Technology (the "OIT") at 202-354-3210. When the Fishers' counsel reached the OIT, a recorded message played, stating that the website and the ECF system would be down from 6:45 p.m. (eastern time) on February 28, 2007, until 7 a.m. the following morning. The recording stated that the message would be updated as necessary. (Schirmer Decl., ¶ 5.)

After calling the OIT, the Fishers' counsel called the offices of counsel for both Defendants. Both offices were closed, but the Fishers' counsel left messages explaining the situation and requesting that they call the Fishers' counsel as soon as possible to discuss whether they would oppose this motion. Because Defendants herein are a foreign government and a Libyan national incarcerated in Scotland, it may be some time before Defendants can definitively provide an answer to whether they will oppose this motion; when they provide that answer, the Fishers will inform the Court of their position. However, given the need to immediately file the papers and to request permission to do so, the Fishers are presenting this motion and their papers in opposition to Defendants' motions to the Court at the earliest possible date. (Schirmer Decl., ¶ 6.)

To ensure that the Defendants would suffer no prejudice from receiving the Fishers' papers later than they would have if the ECF system had been available, the Fishers' counsel served copies of the Fishers' papers opposing Defendants' motions to dismiss via facsimile and via email last night, February 28, 2007. (Schirmer Decl., ¶ 7, Exhs. B, D.)[3] Further, to minimize any prejudice or inconvenience to the Court, the

---

[3] Both Defendants were served via facsimile and counsel for both were sent emails attaching the Fishers' papers. However, the email to Al-Megrahi's counsel was "bounced" back to the Fishers' counsel. In addition, the Fishers' counsel is providing a notice to the clerk regarding the problems with completing the filing through the ECF system. (Schirmer Decl., ¶ 8, Exh. C.)

4

Fishers' counsel immediately began work on this motion for filing as soon as practical on March 1, 2007. (Schirmer Decl., ¶ 9.)

Legal Argument

Rule 6(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect….

Fed. R. Civ. Pro. 6(b).

Rule 6(b) thus provides a mechanism for parties to seek additional time to meet deadlines imposed by court orders or pursuant to local rules. In this case, the Fishers seek relief pursuant to Rule 6(b)(2) to allow the filing of their brief less than one day late due to the unavailability of the Court's ECF system and to deem that filing as timely.[4] In determining whether relief under Rule 6(b)(2) is warranted, the Court examines: (a) whether granting the requested relief would prejudice the other parties; (b) the length of the delay; (c) the potential impact of the late filing on judicial proceedings; (d) the reason for the delay, including whether it was within the reasonable control of the movant; and (e) whether the movant acted with diligence and in good faith. *Yesudian v. Howard University*, 270 F.3d 969, 971 (D.C. Cir. 2001). The determination as to whether to grant relief under Rule 6(b)(2) is left to the discretion of the Court, but the where there is no prejudice and the delay is brief, relief should generally be granted. *See id.*

---

[4] The unavailability of the Court's ECF system meant that the Fishers were prevented from filing a motion pursuant to Rule 6(b)(1).

The circumstances of this case present a textbook case for granting relief under Fed. R. Civ. Pro. 6(b)(2). Because the Fishers have provided copies of their papers to both Defendants, Libya's time to review the Fisher's papers and complete its reply is not compromised and Al-Megrahi he loses no time or opportunity to seek any relief he wishes. Similarly, because the Fishers are filing this motion and the papers they could not file less than a day "late," the delay is extraordinarily brief. Further, given the timing of this motion and the stage of this litigation, granting the relief requested would not affect the proceedings in this Court.

In addition, the reason that the Fishers could not file their papers in opposition to the Defendants' motion was not within their control and did not reflect a lack of diligence on their part. The reason the papers were not filed on February 28, 2007, was that the Court's ECF system was unavailable for several hours. Where, as here, counsel has been diligent in preparing its papers and an electronic filing does not go through because of an error in the electronic filing system, relief under Rule 6(b)(2) is appropriate. *Uddin v. Universal Avionics Systems Corporation*, 2006 U.S. Dist. LEXIS 37080 *3-4 (N.D. Ga., June 1, 2006) (M.J.), *approved*, 2006 U.S. Dist. LEXIS 47238 (N.D. Ga., June 30, 2006). Indeed, because electronic filing is required by the Local Rules in this District, *see* Local Civil Rule 5.4(a), and the ECF system was down during time it would normally be available, the Court was effectively "inaccessible" for filing and relief is warranted. *See Telephone and Data Systems, Inc. v. Amcell F Atlantic City, Inc.*, 20 F.3d 501, 501-02 (D.C. Cir. 2001) (when court was closed due to inclement weather, the court was inaccessible for filing and allowing a late filing was appropriate). Under these circumstances then, granting the relief the Fishers request would be appropriate.

## **CONCLUSION**

For the foregoing reasons, the Fishers respectfully request that this Court issue the Proposed Order granting them (a) leave to file their response to the Defendants' motions to dismiss one day late due to the unavailability of the Court's electronic filing system and (b) to treat the papers, filed electronically on March 1, 2007, as timely filed.

Dated: March 1, 2007
Washington, D.C.

                                              Respectfully submitted,

                                              ____/s/ Paul M. Tendler_____
                                              Paul M. Tendler
                                              The Law Offices of Paul M. Tendler
                                              1250 Connecticut Avenue, NW, Suite 200
                                              Washington, D.C. 20036
                                              Telephone:  202 682-9000
                                              Facsimile:   202 403-3640