IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS W. FISHER, et al. : | CIVIL ACTION NO. 04-02055 (HHK) |
| : | |
| v. : | |
| Plaintiff : | |
| : | |
| ABDEL BASSET ALI MOHMED : | |
| AL-MEGRAHI, et al. : | |
| : | |
| Defendants : | |

## MOTION TO STAY PROCEEDINGS

Defendant, Abdel Basset Ali Mohmed Al-Megrahi (hereinafter referred to as "Al-Megrahi") moves to Stay all proceedings in the above captioned matter due to the June 28, 2007 referral, by the Scottish Criminal Cases Review Commission (hereinafter "the Commission") of the case of Abdel Basset Ali Mohmed Al-Megrahi for further appeal before the High Court of Justiciary against his conviction in the matter of the destruction of Pan American Flight 103 over Lockerbie, Scotland on 21 December 1988. A memorandum of points and authorities and a proposed order is attached hereto.

Dated:         September 21, 2007                    Respectfully Submitted,


                                                     /s/
                                                     Law Offices of Mattioni, Ltd.
                                                     Dante Mattioni, Esquire
                                                     399 Market Street, Suite 200
                                                     Philadelphia, PA 19106
                                                     Tel: (215) 629-1600

                                                     *Counsel for Defendant, Al-Megrahi*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CURTIS W. FISHER, et al.** : | CIVIL ACTION NO. 04-02055 (HHK) |
| : | |
| v. : | |
| **Plaintiff** : | |
| : | |
| **ABDEL BASSET ALI MOHMED** : | |
| **AL-MEGRAHI, et al.** : | |
| : | |
| **Defendants** : | |
| : | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS

Defendant, Abdel Basset Ali Mohmed Al-Megrahi submits the following memorandum of points and authorities in support of its motion to stay all proceedings in the above captioned matter in light of, and due to, the June 28, 2007, referral by the Commission of the case of Defendant, Abdel Basset Ali Mohmed Al-Megrahi (hereinafter "Megrahi") for further appeal before the High Court of Justiciary against his conviction in the matter of the destruction of Pan American Flight 103 over Lockerbie, Scotland, on 21, December 1988.

### ARGUMENT

Plaintiffs (hereinafter referred to as Lawrence T. Fisher, Curtis W. Fisher, Mary Fisher Hickey, and Margaret Fisher Jones) (hereinafter "Fisher") instituted suit against Al-Megrahi based on allegations by the Governments of the United States and the United Kingdom asserting that the destruction of Pan American Flight 103 over Lockerbie, Scotland on December 21, 1988, was perpetrated by Al Megrahi as an alleged agent of the Libyan Government. The Fisher Complaints base their allegations of fact upon the conviction of Megrahi in Scotland. The Fisher

Complaints recited allegations of fact which are derived from the prosecution in Camp Zeist. That conviction is cited as <u>Her Majesty's Advocate v. Abdel Basset Ali-Mohmed Al-Megrahi and Al Almin Khalifa Fhimah, Prisoners of Zeist, Camp Zeist, the Netherlands, Case No. 1475/99</u>. [1]

It is now apparent that the conviction of Megrahi has a very high likelihood of being overturned due to issues ranging from, but not limited to, flaws with the Scottish Trial Court's conduct and findings, reversible conduct by Scottish prosecutors in failing to follow a due process procedure in exonerating the defendant and to provide Megrahi's defense counsel (under Scottish criminal statutory requirements) evidence in their possession in a timely manner prior to the trial in Camp Zeist, and the availability of new, and possibility fully exonerating, evidence.

Some of the evidence in question (new evidence and evidence which the Scottish Trial Court may have impermissibly not admitted during trial or evidence which was not turned over to Scottish defense counsel in a timely fashion) relates directly to some or all of the allegations of fact in Fisher's Complaints. While this Motion is not intended as a challenge at this time to the factual allegation to the Fisher Complaints, the following evidence and issues are briefly highlighted (not as an exhaustive review, but only as a brief sample) to demonstrate to the Court that the evidence in the appeal in Scotland will have a direct and dispositive effect on the instant case and that a stay of the proceedings will serve the interests and justice.

1. Paragraph 27 of Fisher's Complaint asserts that in "1985" the Swiss firm of Meister et Bollier ("MEBO"), at the request and direction of the Libyan government and the JSO, developed specialized timers for use in explosive devices. Specifically, 20 prototype digital electronic timers, Model MSTY-13, capable of causing the detonation of an explosive device at the pre-

---

[1] Megrahi's co-defendant, Al Amin Khalifa Fhimah, in the criminal proceeding under Scottish Law in The Netherlands at Camp Zeist was found not guilty and released.

determined time, were manufactured by MEBO and delivered to the Libyan government." (Comlt. ¶ 37).

A recent affidavit, dated July 18, 2007, and signed by Ulrich Lumpert, an electronic engineer at MEBO from 1978 to 1994 and a witness in Camp Zeist (Witness No. 550), admits to committing perjury at the trial of Al Megrahi. He also further admits that he stole a hand manufactured MST-13 PC-Board, consisting of 8 layers of fiber-glass from MEBO, and gave it (without permission) on June 22, 1989, to an official investigating the Lockerbie case. The identity of the official is known to the Commission.

2.  Paragraph 44 of the Fisher complaint refers to a purchase by Al Megrahi, on December 7, 1989, from Mary's House, a retail store in Malta. (Complt. ¶ 44). Pieces of cloth from clothing from Mary's House were later allegedly recovered from the Pan Am 103 debris scattered in and around Lockerbie, Scotland. The identification by the store keeper at Mary's House and the date of December 7, 1989 are key parts of the evidence considered by the Commission and may be the basis of the referral to the Scottish High Court of Justiciary for appeal. There is evidence that the store keeper in Malta never identified Al Megrahi and in fact, identified an Iranian as the purchaser. Furthermore, the date of the purchase of the items of clothing from Mary's House may be on a date when Al Megrahi was not in Malta.

Fisher has also asserted causes of action pursuant to Libya's guarantee for payment of judgments based on the conviction of Al Megrahi. It is unquestionable that a reversal of the Al Megrahi conviction will also effect Fisher's causes of action.

Al Megrahi moves for the instant stay in the interest of justice, as well as judicial efficiency, as the gravamen of the instant case and related legal issues are based upon the conviction of defendant Al Megrahi in Scotland and the evidence which was presented during his trial.

The outcome of the Scottish appeal will have a direct, and most likely dispositive, effect on the instant case. A reversal by the Scottish High Court of Justiciary would mandate consideration of an immediate dismissal of the Fisher Complaints against Al Megrahi as well as the Libyan, government with prejudice.

The commission's statement of reasons for its decision to refer Al Megrahi's conviction for appeal before the High Court of Justiciary is confidential but it did say the referral was to prevent a possible miscarriage of justice and was not available to the public. However, in light of the sensitive nature of the case and due to overwhelming interest, the Commission took the unusual step of issuing a lengthy news release to the Public. A true copy of the Commission's official news release regarding the referral of defendant Al Megrahi's case in Scotland is enclosed for the Court's review as Exhibit A  Undersigned counsel understands that the duration of the appeal process is anticipated to be approximately one year from the above referenced date of the Commission's decision and referral. Undersigned counsel further undertakes, if so desired by the Court, to submit a status report to the Court upon the issuance of a decision by the Scottish High Court of Justiciary.

Undersigned has consulted with plaintiffs' counsel pursuant to the Local Rules, Plaintiffs' counsel has indicated he will oppose the motion for stay.

## **CONCLUSION**

For the foregoing reasons, the Court should grant an indefinite stay of all proceedings in this matter until such time as the issuance of a final decision and order by Scotland's High Court of Justiciary in the appellate review of the conviction of defendant Al Megrahi in Scotland. A proposed order is attached hereto.

Dated:  September 21, 2007                     Respectfully submitted,


                                               ___/s/_____
                                               Law Offices of Mattioni, Ltd.
                                               Dante Mattioni, Esquire
                                               399 Market Street, Suite 200
                                               Philadelphia, PA 19106
                                               Tel: (215) 629-1600

                                               *Counsel for Defendants*
                                               *Al-Megrahi*