UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LAWRENCE P. FISHER, II, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No.  1:05-cv-02454-HHK |
| ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**THE LIBYAN STATE DEFENDANTS' AMENDED ANSWER
TO THE COMPLAINT OF PLAINTIFF LAWRENCE P. FISHER, II**

Defendants Great Socialist People's Libyan Arab Jamahiriya and Libyan External Security Organization (collectively the "Libyan State Defendants"), by and through its undersigned counsel, answers the allegations in Count I of the Complaint of Plaintiff Lawrence P. Fisher, II ("Complaint"), as follows.[1]

1.   The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint pertaining to the relationship of Plaintiff to Charles T. Fisher, IV.  The Libyan State Defendants deny that they "murdered" Charles T. Fisher, IV.

2.   The Libyan State Defendants deny the allegations contained in paragraph 2 of the Complaint, with the exception of Plaintiff's allegation that they "seek compensatory and punitive damages," which they admit.

---

[1] Pursuant to the Court's Memorandum Opinion and Order dated March 27, 2008 (D.E. 52), Count II (The Flatow Amendment), Count III (The Torture Victim Protection Act) and Count IV (Respondeat Superior/Guaranty) of the Complaint were dismissed.

## PARTIES

3. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. The Libyan State Defendants admit the allegations contained in the first two sentences of paragraph 4 of the Complaint. Libya denies the third sentence of paragraph 4 of the Complaint to the extent that the third sentence alleges that Libya remained on the State Sponsors of Terrorism List after June 2006.

5. The Libyan State Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION

7. The allegations contained in paragraph 7 of the Complaint are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

8. The allegations contained in paragraph 8 of the Complaint are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

9. The allegation contained in paragraph 9 of the Complaint is a conclusion of law, to which no response is required. To the extent a response is required, the allegations are denied.

10. The allegations contained in paragraph 10 of the Complaint are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

11. The allegation contained in paragraph 11 of the Complaint is a conclusion of law, to which no response is required. To the extent a response is required, the allegations are denied.

## BACKGROUND

12. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. The Libyan State Defendants admit the allegations contained in the first sentence of paragraph 14 of the Complaint. The Libyan State Defendants deny the allegations contained in the second sentence of paragraph 14 of the Complaint.

15. The Libyan State Defendants deny the allegations contained in paragraph 15 of the Complaint.

## ALLEGED HISTORY OF TERRORISM AGAINST THE UNITED STATES

16. The Libyan State Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. The Libyan State Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. The Libyan State Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. The Libyan State Defendants admit that the United States imposed certain sanctions against Libya in 1986, but deny that Libya had a "pro-terrorist policy." The remaining allegations in paragraph 19 of the Complaint are conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

20. The Libyan State Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. The Libyan State Defendants admit that the United States launched an air strike against Libya in 1986, and deny the remaining allegations in paragraph 21 of the Complaint.

22. The Libyan State Defendants deny the allegations contained in paragraph 22 of the Complaint.

## FACTUAL ALLEGATIONS

23. The Libyan State Defendants deny paragraph 23 of the Complaint to the extent it implies that the Libyan State Defendants perpetrated a terrorist attack.

24. The Libyan State Defendants deny the first sentence of paragraph 24 of the Complaint and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. The Libyan State Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The Libyan State Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The Libyan State Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. The Libyan State Defendants deny the allegations contained in paragraph 28 of the Complaint to the extent they imply that the alleged conduct took place at the direction of Libya.

29. The Libyan State Defendants deny the allegations contained in the first sentence of paragraph 29 of the Complaint. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 29 of the Complaint.

30. The Libyan State Defendants deny the allegation contained in paragraph 30 of the Complaint.

31. The Libyan State Defendants deny the allegations in paragraph 31 of the Complaint to the extent it implies that they assisted any of Al-Megrahi's alleged efforts to "carry out the plot to destroy PA 103." The Libyan State Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31.

32. The Libyan State Defendants deny the first sentence of paragraph 32 and are without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32.

33. The Libyan State Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 35 of the Complaint.

36. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint. Plaintiff's allegation in paragraph 37 that Mr. Al-Megrahi was acting within his scope of authority and that he was acting with other Libyan agents are conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

38. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 38 of the Complaint and deny the remaining allegations in paragraph 38.

39. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. The Libyan State Defendants deny that they had a plan to have "PA 103 explode over the Atlantic Ocean" and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of the Complaint.

44. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. The Libyan State Defendants deny the allegations contained in the fourth sentence of paragraph 45 of the Complaint. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 of the Complaint.

## ALLEGATIONS OF LASTING EMOTIONAL EFFECTS

46. Paragraph 46 of the Complaint is not an assertion of fact and constitutes legal argument, to which no response is required. To the extent Paragraph 46 of the Complaint is

construed as an assertion of fact that could establish liability for the Libyan State Defendants in this action, the Libyan State Defendants deny such an allegation.

47. Paragraph 47 of the Complaint is not an assertion of fact and constitutes legal argument, to which no response is required. To the extent Paragraph 47 of the Complaint is construed as an assertion of fact that could establish liability for the Libyan State Defendants in this action, the Libyan State Defendants deny such an allegation.

48. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence and first half of the second sentence of paragraph 48 of the Complaint.  The Libyan State Defendants deny the allegations contained in the remaining allegations of paragraph 48 of the Complaint.

49. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52. The Libyan State Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. The Libyan State Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. The Libyan State Defendants deny the allegations contained in paragraph 54 of the Complaint, to the extent that paragraph 54 alleges that the Libyan Defendants actively

assisted Al-Megrahi's efforts to the extent identified in paragraph 54, to the extent those efforts occurred.

## THE AFTERMATH AND SUBSEQUENT INVESTIGATION OF THE PA 103 EXPLOSION

55.     The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56.     In response to the allegations contained in paragraph 56 of the Complaint, the Libyan State Defendants admit that indictments were issued against Al-Megrahi by American and Scottish authorities to the extent it is a matter of public record and deny all remaining allegations in paragraph 56.

57.     The Libyan State Defendants deny the allegations contained in paragraph 57 of the Complaint, except as to the allegation that Al-Megrahi and his co-defendant were taken into custody on April 5, 1999 to the extent it is a matter of public and deny all remaining allegations in paragraph 57.

58.     The Libyan State Defendants admit allegations contained in paragraph 58 of the Complaint.

59.     The Libyan State Defendants admit the allegations contained in paragraph 59 of the Complaint.

60.     The Libyan State Defendants admit the allegation contained in paragraph 60 of the Complaint to the extent it is a matter of public record.

61.     In response to the allegations in paragraph 61 of the Complaint, the Libyan State Defendants admit that Al-Megrahi was convicted by the Scottish High Court to the extent it is a matter of public record.

62. The Libyan State Defendants admit that the allegation contained in paragraph 62 constitutes the findings of the Appeals Court, High Court of Justiciary on March 14, 2002 to the extent it is a matter of public record.

63. On August 15, 2003, Ambassador Ahmed A. Own on behalf of Defendant Socialist People's Libyan Arab Jamahiriya ("Libya") presented a letter to the United Nations Security Council, wherein, Libya represented that it brought two suspects charged with the bombing of Pan Am Flight 103 to justice and accepted "responsibility for the actions of its officials."  In this regard, Libya further represented that it "arranged for the payment of appropriate compensation." In connection with this letter, at no time, did Libya admit any civil liability under American law to passengers of Pan Am 103 or their relatives, or otherwise "admit its guilt," and therefore the Libyan State Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint, as well as, each and every other paragraph that alleges that the Libyan State Defendants are liable in this matter.

64. The Libyan State Defendants repeat and fully incorporate herein the response contained in paragraph 63 of their Answer.

65. The Libyan State Defendants repeat and fully incorporate herein the response contained in paragraph 63 of their Answer and admit that the United Nations adopted Resolution 1506 to the extent it is a matter of public.

66. The Libyan State Defendants repeat and fully incorporate herein the response contained in paragraph 63 of their Answer and admit the allegations regarding Resolution 1506 to the extent they are a matter of public record.

67.     The Libyan State Defendants admit the allegation contained in the first sentence of paragraph 67 of the Complaint and admit the accuracy of the quoted text in contained in the remaining allegation of paragraph 67.

## COUNT I
**(Outrageous Conduct and the Intentional Infliction of Emotional Distress)**

68.     The Libyan State Defendants repeat and fully incorporate herein their responses to the allegations contained in paragraphs 1 through 67 of the Complaint.

69.     The Libyan State Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     The Libyan State Defendants deny the allegations contained in the first sentence of paragraph 70 of the Complaint and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

71.     The Libyan State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72.     The Libyan State Defendants deny the allegations contained in the first and third sentences of paragraph 72 of the Complaint and are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 72 of the Complaint.

73.     The Libyan State Defendants deny the allegations contained in paragraph 73 of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving the right to amend their Answer to assert additional defenses as they may become known in the future, the

Libyan State Defendants assert the following separate and additional defenses to Plaintiff's claims.

### FIRST AFFIRMATIVE DEFENSE

There is an absence of subject-matter jurisdiction over the claims asserted by Plaintiff in this action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state any claims for which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered any cognizable injury.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries of which Plaintiff complain were not proximately caused by any acts or omissions of the Libyan State Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

The Libyan State Defendants are not subject to punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Libyan State Defendants pray that the Complaint be dismissed with prejudice, that the Court enter judgment against Plaintiff and in favor of the Libyan State Defendants, and that the Court grant such other and further relief as the Court may deem just and proper.

Dated: May 5, 2008				Respectfully submitted,

**WHITE & CASE** LLP

/ s / Nicole E. Erb
Christopher M. Curran (D.C. Bar No. 408561)
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Nicole E. Erb (D.C. Bar No. 466620)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel for Defendants Great Socialist People's Libyan Arab Jamahiriya and the Libyan External Security Organization*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2008, a copy of The Libyan State Defendants' Amended Answer To The Complaint Of Plaintiff Lawrence P. Fisher, II was served upon the following parties via the Electronic Case Filing ("ECF") system:

Paul Marc Tendler
Law Office of Paul M. Tendler
1250 Connecticut Avenue, N.W., Suite 200
Washington, DC 20036

*Counsel for Plaintiff*

Eric. L. Lewis
Baach Robinson & Lewis, PLLC
1201 F Street, NW, Suite 500
Washington, DC  20004

*Counsel for Defendant Abdel Basset Ali Mohmed Al-Megrahi*

/s/ Nicole E. Erb